UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                 :

In re:                                       :         Chapter 7
                                                :
CARMINE ALESSANDRO,          :         Case No. 08-14514 (AJG)
                                                :
                     Debtor.        :
-------------------------------------------------------X


**EX PARTE APPLICATION FOR ORDER
FOR RULE 2004 EXAMINATION OF DELTA FUNDING CORPORATION**


TO:    THE HONORABLE ARTHUR J. GONZALEZ,
         UNITED STATES BANKRUPTCY JUDGE

        David R. Kittay, Chapter 7 trustee (the "Trustee") for the bankruptcy estate of Carmine Alessandro (the "Debtor"), by and through his counsel, Kittay & Gershfeld, P.C., respectfully submits this application pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Federal Rule of Civil Procedure 45, and represents as follows:

**Background**

        1.    On November 14, 2008, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").[1]  At that time, the Court set December 1, 2008 as the deadline for the Debtor to submit a Local Rule 1007-2 Affidavit, Schedules C, E, F, G, H and J, and any other incomplete filings.

---

[1] According to the *Memorandum of Law in Support of Motion of the United States Trustee to Convert this Chapter 11 Case to a Chapter 7 Case, or, in the Alternative, to Appoint a Chapter 11 Trustee*, dated February 20, 2009, the Debtor has filed, to date, four personal bankruptcy petitions and three petitions on behalf of a corporate entity known as 15 East 204th Street Realty Corporation.

2. On March 25, 2009, the Honorable Arthur J. Gonzalez signed an Order converting the Debtor's bankruptcy case from a case under Chapter 11 of the Bankruptcy Code to a case under Chapter 7 of the Bankruptcy Code.

3. On March 26, 2009, David R. Kittay was appointed Chapter 7 Trustee of the Debtor's estate.

4. To date, the Debtor has failed to file the Local Bankruptcy Rule 1077-2 Affidavit, Chapter 11 Current Monthly Income Form 22B or Schedules C, E, F, G, H and J.

5. The Debtor likewise failed to file monthly operating reports during the pendency of the Chapter 11 case.

6. The Debtor, a self-employed real estate manager, asserted in Schedule A to the Petition that he holds interests in at least 17 parcels of real property throughout the New York metropolitan area. The Debtor valued these interests at approximately $9,761,200, collectively.

7. However, at the Debtor's Section 341(a) Meeting, held on January 20, 2009, the Debtor testified to the United States Trustee that he may not have listed all of his real property interests on his schedules.

8. The Office of the United States Trustee discovered that the Debtor holds interests in at least two additional parcels of real property through two corporate entities, on behalf of which the Debtor has served as a representative and/or Managing Member: (1) 201 West 136th Street, New York, New York; and (2) 1001 Castle Hill Avenue, Bronx, New York.

9. Based on its investigation, the Office of the United States Trustee further determined that the Debtor executed transfer and/or mortgage documents on behalf of the following corporate entities: (1) DDD Enterprises of N.Y., LLC; (2) Canna Real Estate Holdings, LLC; (3) 1001 Castle Realty Group Corp.; and (4) EEE Enterprises of NY, LLC.

10. A schedule of the properties in which the Debtor has an interest that the Trustee is aware of is attached as Exhibit A..

11.    A review of the limited documents provided by the Debtor's counsel, as well as his sworn answers at the Section 341(a) Meeting, has raised additional concerns about other potential estate assets.

12.    Through his investigation to date, the Trustee has become aware that the properties in which the Debtor has an ownership interest are in large part encumbered with liens that were acquired a short period prior to the Debtor's bankruptcy filing. The Trustee has been unable to identify which, if any, of the properties have equity and are of value to the estate. Likewise, the Trustee has been unable to determine the nature and/or validity of the liens asserted.

13.    The Trustee has tried to reach the Debtor, both by contacting Mark Frankel ("Frankel") and Samuel Edelman ("Edelman"), the attorneys listed on the Court docket as having represented the Debtor in this case, and by calling the Debtor directly at the telephone numbers listed in the Debtor's Court documents, and at the telephone numbers provided by Frankel. As of this time, the Debtor has not contacted the Trustee nor his counsel (he did leave one voice mail message for the Trustee's counsel, but has not been responsive since).

14.    The Trustee filed a motion for a Rule 2004 examination of and document production by the Debtor. The Court entered an Order dated April 6, 2009, granting the Trustee the relief sought and thereafter, the Trustee subpoenaed documents. To date, despite the Court's Order requiring the production of documents on or before April 24, 2009, the Debtor has not produced the requested documents. The Order further provided for the Debtor to appear before the Trustee to testify on May 14, 2009. The Debtor failed to appear.

15.    The Trustee has retained the services of MYC & Associates to value the Debtor's properties, but because there are numerous liens on the various properties, including blanket liens and judgments, at this time the Trustee is unable to ascertain: (1) whether there is any equity in

any of the properties; (2) the underlying basis for the liens and judgments; and (3) the cash flow of all of the monies that were transferred to the Debtor and/or his related entities.

16. In order to adequately administer the Debtor's estate, the Trustee must be able to investigate the existence, nature and extent of any asset in which the Debtor may hold an interest, as well as the Debtor's financial condition. Without such information, the Trustee cannot make a reasoned assessment of the options available for the use or liquidation of the Debtor's assets. Given the Debtor's failure to list what appear to be estate assets in his bankruptcy pleadings and his failure to produce document and appear to testify, the Trustee believes it necessary to obtain documents from (and to the extent thereafter necessary examine under oath) each of the Debtor's creditors alleged to hold a secured interest in the Debtor's assets.

17. The Trustee's investigation has revealed that Delta Funding Corporation is a party in interest who may have information about the Debtor[2] by virtue of either its direct or indirect dealings with the Debtor, its status as a creditor (or representative of a creditor) of the Debtor or its appointment as a referee appointed to administer assets of the Debtor.

**Requested Relief**

18. Thus, the Trustee seeks entry of an Order pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure directing Delta Funding Corporation, by the person with the most knowledge of Delta Funding Corporation's dealings with or concerning the Debtor and his assets: (1) to produce the documents set forth in Exhibit B hereto by 5:00 p.m. on or before July 18, 2009, to the attorneys for the Trustee, Kittay & Gershfeld, P.C., 100 White Plains Road,

---

2    "Debtor" shall refer to Carmine Alessandro or any agent, representative, subsidiary, affiliate, or joint ventures of Carmine Alessandro, including, but not limited to, Alessandro Properties; Alessandro Properties, Inc.; Carmine Alessandro Mortgage Funding, Inc.; AAA Enterprises, of NY, LLC; BBB Enterprises, of NY, LLC; CCC Enterprises, of NY, LLC; DDD Enterprises, of NY, LLC; EEE Enterprises, of NY, LLC; 3120 Villa Avenue Inc.; 711 E. 183rd Street Corp.; Canna Real Estate Holdings, LLC; Galant Realty Corp.; East 204th Street Realty Corp.; 1001 Castle Hill Realty Group Corp.; and 1001 Castle Hill Restaurant Group Corp.

Tarrytown, New York 10591 and (2) thereafter, to the extent required by the Trustee after an analysis of the documents, appear for examination at the offices of Kittay & Gershfeld, P.C., at a time and date mutually convenient to Delta Funding Corporation and the Trustee.

19. The Bankruptcy Court may direct the examination of Delta Funding Corporation pursuant to Bankruptcy Rule 2004, which provides:

>    a. Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.
>
>    b. Scope of Examination. The examination of an entity under this rule or of the debtor under § 343 of the Code may relate only the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge...
>
>    * * *
>
>    c. Compelling Attendance and Production of Documents. The attendance of an entity for examination and for the production of documents, whether the examination is to be conducted within or without the district in which the case is pending, may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial...
>
>    * * *
>
>    d. Time and Place of Examination of Debtor. The court may for cause shown and on terms as it may impose order the debtor to be examined under this rule at any time or place it designates, whether within or without the district wherein the case is pending.

20. The Advisory Committee Note to Rule 2004(a) provides that an application may be made by ex parte motion or heard on notice, as follows:

> [Rule 2004(a) specifies the manner of moving for an examination. The motion may be heard ex parte or it may be heard on notice].

WHEREFORE, the Trustee respectfully requests entry of an Order directing Delta Funding Corporation, by the person with the most knowledge of Delta Funding Corporation's dealings with or concerning the Debtor and his assets: (1) to produce the documents set forth in

Exhibit B hereto by 5:00 p.m. on or before July 18, 2009, to the attorneys for the Trustee, Kittay & Gershfeld, P.C., 100 White Plains Road, Tarrytown, New York 10591 and (2) thereafter, to the extent required by the Trustee after an analysis of the documents, appear for examination at the offices of Kittay & Gershfeld, P.C., at a time and date mutually convenient to the Trustee and Delta Funding Corporation.

Dated: Tarrytown, New York
      June 1, 2009

                              KITTAY & GERSHFELD, P.C.
                              Attorneys for Trustee

                              By: /s/ Michelle G. Gershfeld
                                  Michelle G. Gershfeld
                                  100 White Plains Road
                                  Tarrytown, New York 10591
                                  (914) 332-8000

**EXHIBIT A**

1. 29 Oak Street
   Yonkers, New York 10701

2. 1114 Rhinelander Ave
   Bronx, New York 10461

3. 1116 Rhinelander Ave
   Bronx, New York 10461

4. 1104 Neil Avenue
   Bronx, New York 10461

5. 465 Prospect Ave.
   Mount Vernon, New York

6. 17 Seward Drive
   Dix Hills, New York 11746

7. 369 E. 198th Street
   Bronx, New York

8. 24 W. 3rd St.
   Mount Vernon, New York

9. 1 Agar Avenue
   New Rochelle, New York

10. 1A Agar Avenue
    New Rochelle, New York

11. 786 Courtlandt Ave.
    Bronx, New York

12. 53 Stratton Street
    Yonkers, New York 10701

13. 66 Shadow Lane
    New Rochelle, New York

14. 506 Midland Ave.
    Rye, New York

15. 40 North Terrace
    Mount Vernon, New York

16. 715 Hollywood Ave.
    Bronx, New York 10467

17. 101 E. 204th Street
    Bronx, New York

18. 201 W. 136th Street
    New York, New York

19. 1001 Castle Hill Ave.
    Bronx, New York

20. 500 S. Broadway
    New York, New York

21. 200-210 Gramatan Ave.
    Mt. Vernon, New York 10550

22. 4441 - 4443 Broadway
    New York, New York 10040

23. 711 E. 183rd Street
    Bronx, New York 10458

24. 20 E. 205th Street
    Bronx, New York 10468

25. 15 E. 204th Street
    Bronx, New York 10468

**EXHIBIT B**

**INSTRUCTIONS AND DEFINITIONS**

1. This Request is intended to cover all documents in the possession, custody or control of Delta Funding Corporation (the "Deponent") as defined below.

2. As used herein, the term "Deponent" shall refer to Delta Funding Corporation, or any member, manager, agent, subsidiary, affiliate, representative, employee, or joint venture or successor of Delta Funding Corporation.

3. As used herein, the term "Debtor" shall refer to Carmine Alessandro or any agent, representative, subsidiary, affiliate, or joint ventures of Carmine Alessandro, including, but not limited to, Alessandro Properties; Alessandro Properties, Inc.; Carmine Alessandro Mortgage Funding, Inc.; AAA Enterprises, of NY, LLC; BBB Enterprises, of NY, LLC; CCC Enterprises, of NY, LLC; DDD Enterprises, of NY, LLC; EEE Enterprises, of NY, LLC; 3120 Villa Avenue Inc.; 711 E. 183rd Street Corp.; Canna Real Estate Holdings, LLC; Galant Realty Corp.; East 204th Street Realty Corp.; 1001 Castle Hill Realty Group Corp.; and 1001 Castle Hill Restaurant Group Corp.

4. As used herein, the term "documents" means, without limitation, the following items, whether computer generated, printed or recorded or reproduced by any mechanical or photographic process, or written or produced by hand: agreements; riders to agreements; loan files; mortgage notes; mortgage documents; documents regarding transactions with Debtor; documents regarding transactions with Debtor's clients; communications; reports; correspondence; telegrams; memoranda; summaries or records of telephone conversations or telephone conferences; summaries or records of personal conversations, meetings or interviews; summaries, records or notes of meetings, conferences or teleconferences; summaries, reports or notes of investigations or negotiations; diaries; graphs; computer printouts; computer discs, tapes or other computerized materials; e-mails; notebooks; notes; charts; plans; drawings; sketches; maps; opinions or reports of consultants, auditors or other experts; photographs; slides; motion

picture films; photographic negatives; brochures; pamphlets; advertisements; circulars; press releases; drafts; letters; appointment books; calendars; desk pads; logs; minutes of meetings; invoices; credits; debits; transcripts; checks; entries in books of account; ledgers; any margin comments or notes appearing on any documents; and all other writings.

4. Where a particular document is described, e.g., agreements, minutes, etc., such description shall be deemed to include all drafts of such documents, including the final draft, if any, of all such documents.

5. If any documents requested herein are not produced pursuant to a claim of privilege ("privilege," as used herein shall include work product), each such document shall be adequately described, and include the factual basis for the claim of privilege stated. Documents shall be deemed to have been adequately listed and described for the purpose of this Document Request when the following information shall have been provided:

    (1) the place, approximate date and manner of preparation of the document;

    (2) the name of each person, including stenographic or clerical assistants, participating in the preparation of the document;

    (3) the name and corporate position, if any, of each person, other than attorneys representing the plaintiff, to whom the contents of the document have heretofore been communicated by copy, blind copy, exhibition, reading, reference or substantial summarization; and

    (4) the nature of the document and a brief description of its subject matter.

6. To the extent any request for documents herein is objected to on grounds other than privilege, set forth the factual basis of the objection. If you object in part to any request for documents, produce all documents included in the remainder of that request.

7. Where a complete production to a particular request for documents is not possible, the production should indicate why only partial production could be made.

8. If any requested document was, but is no longer in your possession or subject to your custody and control, state what disposition was made of it.

9. These requests for documents include the production of all non-identical copies, including drafts and copies upon which notes or comments have been made.

10. The pronoun "you" and "your" shall refer to any of the Deponent's respective present and former agents, officers, directors, employees or authorized representatives, including attorneys, and any partnership, limited partnership, corporation, investment trust, divisions, departments, branches, subsidiaries or affiliates, the Deponent's predecessors in interest, any other entity created by the Deponent to further the Deponent's business purposes or any person acting on the Deponent's behalf.

11. As used herein, the term "communication" or "communications" shall be deemed to include all written (typed, electronic or otherwise) or oral contacts whether by correspondence, telephone, in person or otherwise.

12. As used herein, the term "concerning" shall mean relating to, referring to, describing, evidencing or constituting.

13. The documents requested are to be identified as to the paragraph number of this Document Request in response to which they are being produced.

14. This Document Request shall be deemed continuing in nature and shall include documents described herein that are discovered after any initial production of documents in compliance herewith, which later discovered documents shall be produced in accordance with this request. Such additional documents are to be produced at the offices of Kittay & Gershfeld, P.C., 100 White Plains Road, Tarrytown, New York 10951.

**DOCUMENTS TO BE PRODUCED BY**
**DEPONENT**

Deponent shall produce all documents, relating to the period from November 14, 2002 through the present (unless otherwise specifically indicated), as set forth below:

(1)    Any and all documents and/or records concerning loan transactions between the Deponent and the Debtor, including: (a) related promissory notes and/or mortgages and/or security agreements; (b) evidence of collateral securing any loan to the Debtor, (c) evidence of loan proceeds, (d) evidence of distribution of loan proceeds (including but not limited to negotiated bank instruments and/or proof of wire transfers), (e) loan repayments and the source thereof, (f) evidence of recordation of related promissory notes and/or mortgages and/or security agreements; (g) evidence of liens or security interests in any property (real or personal) of the Debtor; (h) lien searches; (i) income statements; and (j) statements of financial conditions.

(2)    Any and all documents and/or records concerning the assignment and/or transfer to or from the Deponent of any promissory notes and/or mortgages and/or security agreements with the Debtor.

(3)    Any and all documents and/or records concerning Deponent's procurement of a judgment against the Debtor, including all legal pleadings and proofs of service, responses, related discovery and collections (and collection efforts).

(4)    Any and all documents and/or records concerning Deponent's foreclosure (or attempted foreclosure) upon property of the Debtor, including all legal pleadings and proofs of service, responses, related discovery, referee appointments, warrants of eviction, collections (and collection efforts), closing statements, closing instruments, proceedings to obtain surplus moneys, Referee's Oath and Report, Application for Judgment of Foreclosure and Sale, and Referee's report of Sale. To the extent surplus moneys are available and have not been disbursed, please provide documents and/or information as to where such funds are located.

(5)    All account statements (including but not limited to bank statements, investment statements, brokerage statements), including copies of all cancelled and or negotiated checks, regarding the Debtor or his accounts with Deponent, or any other account statements provided to Deponent in support of the Debtor's financial condition.

(6)    All documents concerning real property in which the Debtor had an interest at any time including, but not limited to, a closing statement for the purchase/transfer of the property, closing instruments, evidence of the purchase/capital improvements made and sale price of the property, liens encumbering the property, tax statements for the property, the appraisal/value of the property, insurance on the property, assessments on the property, improvements to the property, and documents governing the corporate structure and financing of any entity through which the Debtor holds an interest in real property.

(7)    All documents concerning real property in which the Debtor had an interest at any time including, but not limited to, covenants, conditions, easements, leases, and/or agreements of record.

(8)    All documents concerning any personal property, tangible or intangible, in which the Debtor has an interest including, but not limited to, evidence of the purchase and sale price of the

property, liens encumbering the property, tax statements for the property, the value of the property, insurance on the property, assessments on the property, and the location of the property.

(9) Any and all documents, including, but not limited to, the Debtor's tax returns, financial statements, work papers, bank records (including any agreements concerning the allocation of debts and assets, statements, cancelled checks and check books), general ledgers, cash receipts, cash disbursements and all other journals maintained in the ordinary course of business, detailed listings of assets, documents supporting open accounts receivable or other claims receivable, computer data files and computers, personal guarantees of corporate debt, W-2 statements, pay stubs, investment records, brokerage records, books, records, notes and memoranda concerning the Debtor and/or the Debtor's financial affairs (domestic and international).

(10) Any and all documents concerning transfers of tangible or intangible assets to or from the Debtor with a value in excess of $5,000.

(11) Any and all documents, including books, records, notes and memoranda evidencing the compensation, financial incentives and payments with respect to the Debtor's employment.

(12) Any and all financial projections of the Debtor, including copies of any loan request forms and/or applications, with supporting documents.

(13) Any and all documents concerning the Debtor's investments and/or financing in connection with any investment and/or capitalization.

(14) Any and all contracts, leases, agreements and/or deeds of the Debtor.

(15) Any and all documents and/or records of each and every kind in your possession concerning any tangible or intangible assets of the Debtor.

(16) All documents concerning any accounts receivable owed to the Debtor at any time including, but not limited to, accounts receivable related to the Debtor's business.

(17) All documents concerning any interest that the Debtor had in a business, at any time through the present including, but not limited to, documents evidencing the Debtor's interest in the business, the nature and status of the business and the value of the business, bank statements and canceled checks, corporation income tax returns, financial statements, work papers, general ledgers, cash receipts, cash disbursements and all other journals maintained in the ordinary course of business, detailed listings of assets, documents supporting open accounts receivable or other claims receivable, computer data files and computers.

(18) All documents concerning Deponent's internal practices with respect to financial and/or commercial lending and lending guidelines.

(19) Identification and contact information for any professional employed by the Debtor, whether individually or as a corporate entity, and any documents concerning the Debtor's financial condition produced or maintained by any such professional.

(20) Identification of the nature of the relationship of the Debtor and Delta Funding Corporation, specifically whether Delta Funding Corporation is related to the Debtor and the timing and commencement of Delta Funding Corporation's financial dealings with the Debtor.

(21) Identification of all amounts paid to Delta Funding Corporation and the amounts remaining due to Delta Funding Corporation as a result of financial transactions with or on behalf of the Debtor.