UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
IN RE:                                  :
                                        :       Chapter 7
     CARMINE ALESSANDRO,                :
                                        :       Case No. 08-14514 (AJG)
                              Debtor.   :
--------------------------------------------------------X

# TRUSTEE'S MOTION PURSUANT TO
# FEDERAL RULE OF BANKRUPTCY PROCEDURE 9020 AND
# BANKRUPTCY CODE SECTION 105(a)
# SEEKING TO HOLD CARMINE ALESSANDRO IN CIVIL CONTEMPT

TO:   THE HONORABLE ARTHUR J. GONZALEZ,
      UNITED STATES BANKRUPTCY JUDGE

David R. Kittay, Chapter 7 trustee ("Trustee") for the estate (the "Estate") of Carmine Alessandro (the "Debtor"), by and through his counsel, Kittay & Gershfeld, P.C. (the "Trustee's Counsel"), respectfully submits this motion (the "Motion") for a conditional contempt order, and sets forth and alleges as follows:

## Summary of Grounds for Finding of Contempt

1.  Pursuant to this Motion, the Trustee seeks to hold the Debtor in civil contempt pursuant to Federal Rule of Bankruptcy Procedure 9020 and Bankruptcy Code Section 105(a) for violating this Court's *Ex Parte Order for Rule 2004 Examination of Carmine Alessandro* (the "Order"), signed on April 6, 2009, which clearly and unambiguously required the Debtor to produce documents by no later than April 24, 2009 and to appear to be deposed on May 14, 2009. The Trustee now seeks a conditional order from the Court holding the Debtor in contempt and holding that if the Debtor fails to produce the subpoenaed documents before a date certain and appear at the Trustee's counsel's office to be examined under oath, he shall be required to appear before the Court on a specific date and show cause why he should not be

immediately jailed until he produces the documents. The Trustee is seeking this relief because he has been unable to obtain the requested information in another manner.

## Background

2. On November 14, 2008, the Debtor filed a voluntary petition (the "Petition") for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3. Thereafter, on March 25, 2009, the Debtor's case was converted to a case under Chapter 7 of the Bankruptcy Code, and on March 26, 2009, the Trustee was appointed.

## The Motion for Rule 2004 Examination

4. By application dated April 3, 2009 (the "Application"), the Trustee sought authorization to examine the Debtor under oath and compel him to produce documents to the Trustee pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Federal Rule of Civil Procedure 45.

5. On April 6, 2009, the Court signed the Order granting the Trustee the requested relief. A copy of the Order is annexed hereto as Exhibit A.

6. The Trustee's Counsel mailed the Court's Order and related subpoena to the Debtor at his last known address, 369 East 198th Street, Bronx, New York 10458, on April 6, 2009. A courtesy copy was forwarded to the Debtor's counsel, Samuel Edelman (the "Debtor's Counsel"), at 3333 Henry Hudson Parkway, Riverdale, New York 10463 on that same date.

7. Pursuant to the Application, the Trustee requested the following documents relating to the period from November 14, 2002 through the present:

- any and all documents including, but not limited to, tax returns, financial statements, workpapers, bank records (including any agreements concerning the

allocation of debts and assets, statements, canceled checks and check books), general ledgers, cash receipts, cash disbursements and all other journals maintained in the ordinary course of business, detailed listings of assets, documents supporting open accounts receivable or other claims receivable, computer data files and computers, personal guaranties of corporate debt, W-2 statements, pay stubs, investment records, brokerage records, books, records, notes and memoranda concerning the Debtor and/or the Debtor's financial affairs (domestic and international);

- any and all documents concerning transfers of tangible or intangible assets to or from the Debtor with a value in excess of $5,000;

- any and all documents, including books, records, notes and memoranda concerning the compensation, financial incentives and payments with respect to the Debtor's employment;

- any and all financial projections of the Debtor, including copies of any loan request forms;

- any and all documents concerning the Debtor's investments and/or financing in connection with any investment and/or capitalization;

- any and all contracts, leases, agreements and/or deeds of the Debtor;

- any and all documents and/or records of each and every kind in the Debtor's possession concerning any tangible or intangible assets of the Debtor;

- any and all documents and/or records concerning loan transactions of the Debtor, including related promissory notes and evidence of loan proceeds and loan repayments;

- all credit card statements for the Debtor;

- all bank account statements, including copies of canceled checks, for the Debtor;

- all investment account statements for the Debtor;

- all brokerage account statements for the Debtor;

- all documents concerning the Debtor's annuity and retirement plans and statements including, but not limited to, copies of such retirement plans and statements;

- all documents concerning any real property in which the Debtor has an interest at

any time including, but not limited to, a closing statement for the purchase/transfer of the property, evidence of the purchase/capital improvements made and sale price of the property, liens encumbering the property, tax statements for the property, the value of the property, insurance on the property, improvements to the property, and documents governing the corporate structure and financing of any entity through which the Debtor holds an interest in real property;

- all documents concerning any personal property, tangible or intangible, in which the Debtor has an interest including, but not limited to, evidence of the purchase and sale price of the property, liens encumbering the property, tax statements for the property, the value of the property, insurance on the property and the location of the property;

- all documents concerning any accounts receivable owed to the Debtor at any time including, but not limited to, accounts receivable related to the Debtor's business;

- all documents concerning any interest that the Debtor had in a business, at any time through the present including, but not limited to, documents evidencing the Debtor's interest in the business, the nature and status of the business and the value of the business, bank statements and canceled checks, corporation income tax returns, financial statements, work papers, general ledgers, cash receipts, cash disbursements and all other journals maintained in the ordinary course of business, detailed listings of assets, documents supporting open accounts receivable or other claims receivable, computer data files and computers; and

- identification and contact information for any accountant employed by the Debtor, whether individually or as a corporate entity, and any documents concerning the Debtor's financial condition produced or maintained by any such accountant.

8. The Order directed the Debtor to produce all of the above-listed documents to the offices of the Trustee's Counsel, 100 White Plains Road, Tarrytown, New York 10591 (the "Offices") no later than 5:00 p.m. on April 24, 2009.

9. These documents were not produced in response to the Order.

10. The Trustee's Counsel contacted the Debtor's Counsel to confirm that the Debtor's Counsel was still representing the Debtor. The Debtor's Counsel informed the Trustee's Counsel that the Debtor's Counsel was in possession of a limited number of documents

which he would turn over to the Trustee. The Trustee's Counsel has reviewed these documents but finds them insufficient to enable the Trustee to determine the Debtor's financial condition and the disposition of the Debtor's assets.

11. The Debtor likewise failed to appear at the Offices, as directed by the Order, for examination pursuant to Rule 2004 of the Rules of Bankruptcy Procedure at 10:00 a.m. on May 14, 2009.

12. On April 6, 2009, the Clerk of the Court issued its *Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines* in the Debtor's case, setting May 27, 2009 at 11:00 a.m. as the appointed date and time for the Debtor's Section 341(a) meeting of creditors.

13. The Debtor failed to appear at the Section 341(a) meeting.

14. In order to insure that he has ample time to fulfill his fiduciary duty to investigate the Debtor's affairs, the Trustee has determined to proceed with this motion. If and when the Order is complied with, the Trustee can withdraw the motion.

## Civil Contempt is an Appropriate Remedy

15. Courts have the inherent power to enforce compliance of their orders through civil contempt. *In re Chief Executive Officers Clubs, Inc*., 359 B.R. 527, 533 (Bankr. S.D.N.Y. 2007). *See also Spallone v. United States,* 493 U.S. 265, 110 S.Ct. 625, 107 L.Ed.2d 644 (1990); *Shillitani v. United States*, 384 U.S. 364, 369, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966). *See also* 11A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2960 (3d ed. 2006) ("A court's ability to punish contempt is thought to be an inherent and integral element of its power and has deep historical roots.").

16. The power to impose civil contempt sanctions applies to Bankruptcy

Courts. *In re Chief Executive Officers Clubs, Inc.*, 359 B.R. at 534. The goal of a civil contempt finding is to compel the non-complying party to obey the Court's order. *Id.; see also Badgley v. Santacroce*, 800 F.2d 33, 36 (2d Cir. 1986). Civil contempt has been found to serve two purposes: (a) to coerce future compliance; and (b) to remedy any harm caused by past non-compliance. *In re Chief Executive Officers Clubs, Inc.*, 359 B.R. at 534.

17. The Court can hold a person or corporation in civil contempt when: (a) the order the party allegedly failed to comply with is clear and unambiguous; (b) the proof of noncompliance is clear and convincing; and (c) the party has not diligently attempted in a reasonable fashion to comply. *Id.* at 535.

**The Debtor Violated the Court's Clear, Unambiguous Order**

18. The Court's Order is clear and unambiguous. It states in salient part:

ORDERED, that Carmine Alessandro appear for examination pursuant to Rule 2004 of the Rules of Bankruptcy Procedure at the offices of the Trustee's attorneys, Kittay & Gershfeld, P.C., 100 White Plains Road, Tarrytown, New York 10591, at 10:00 a.m., on May 14, 2009 (provided, however, that the Trustee may, in his sole discretion, upon his review of the documents produced in response to the next decretal paragraph of this Order, examine Carmine Alessandro either through oral examination, examination through written questions or telephonically); and it is further

ORDERED that Carmine Alessandro be, and he is hereby, directed to produce all documents reflecting or concerning the Debtor's dealings including, but not limited to, those set forth on Exhibit A hereto, at the offices of Kittay & Gershfeld, P.C., 100 White Plains Road, Tarrytown, New York 10591, by 5:00 p.m. on April 24, 2009.

19. The only documents produced to the Trustee were produced by the Debtor's Counsel. The Debtor has not personally produced any documents or even contacted the Trustee's Counsel to state that the Debtor has no other documents to produce.

20. The Debtor's Counsel has repeatedly stated that he cannot locate the Debtor. Thus, the Debtor cannot claim to have produced documents in accordance with the

6

Order as a result of the Debtor's Counsel's independent actions.

21. Annexed hereto as Exhibit B is the Affidavit of Melissa L. Steinberg, counsel to the Trustee, attesting to the foregoing facts.

**A Conditional Order Requiring the Debtor to Show Cause
Why He Should Not Be Jailed if He Doesn't Produce the Documents
and Appear for Deposition by a Date Certain Is Appropriate**

22. In deciding what remedy to impose, the Court must use its discretion and consider the character and magnitude of the harm resulting from continued non-compliance. *In re Chief Executive Officers Clubs*, 359 B.R. at 536. When imposing coercive sanctions, the Court should consider: (a) the nature of the harm threatened by continued non-compliance; (b) the probable effectiveness of the sanction in bringing about compliance; and (c) the non-complier's financial resources and the seriousness of the sanction's impact. *Id.*

23. Although imprisonment might seem punitive and deterrent, if the non-complier can secure his release (or prevent his imprisonment altogether) by doing that which he was originally ordered to do, the relief is still considered civil. *Id.* at 537.

24. In the instant case, the Trustee is seeking entry of an order that will require the Debtor to show cause, by a date certain, why he should not be jailed immediately, until he produces the subpoenaed documents and appears to testify under oath. He will also be assessed a daily monetary fine. Of course, if he "timely" complies with the order, he will not have to go to jail or pay such fine.

**Points of Law and Notice**

25. The relevant points and authorities relied upon in support of this Motion are set forth above.

26. The Trustee served the Debtor and the Debtor's Counsel with copies of the Subpoena and the *Ex Parte Application for Order for Rule 2004 Examination of Carmine Alessandro*. The Debtor's Counsel has been cooperative and responsive to the Trustee's requests for information. However, neither the Trustee nor the Debtor's Counsel has been able to contact the Debtor.

27. On April 21, 2009, Leo Fox ("Fox") filed bankruptcy petitions on behalf of the following corporate entities: (1) AAA Enterprises of NY, LLC; (2) BBB Enterprises of NY, LLC; (3) CCC Enterprises of NY, LLC; (4) DDD Enterprises of NY, LLC; and (5) EEE Enterprises of NY, LLC. The Debtor signed each of these petitions as the "President and Managing Member" of each corporate entity.

28. Upon information and belief, Fox knows the Debtor's whereabouts and has been in recent contact with the Debtor. Therefore, the Trustee seeks authorization to serve a copy of this Motion, along with the *Notice of Motion Pursuant to Federal Rule of Bankruptcy Procedure 9020 and Bankruptcy Code Section 105(a) Seeking to Hold Carmine Alessandro in Civil Contempt* (the "Notice") on Fox at 630 Third Avenue, 18th Floor, New York, New York 10017. In addition, the Trustee will serve the Debtor at the Debtor's last-known residence, as well as the Debtor's Counsel.

29. The Trustee will further serve a copy of the Motion and the Notice, attached hereto as Exhibit C, on the Office of the United States Trustee, and a copy of the Notice on all parties who have filed notices of appearance and demands for service of motions in this case.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that this Court issue a conditional order pursuant to Federal Rule of Bankruptcy Procedure 9020, in the

form annexed hereto as Exhibit D, holding the Debtor in civil contempt.

Dated: Tarrytown, New York
      June 3, 2009

                                          KITTAY & GERSHFELD, P.C.
                                          Attorneys for the Trustee

                                    By: /s/ Melissa L. Steinberg
                                        Melissa L. Steinberg
                                        100 White Plains Road
                                        Tarrytown, New York 10591
                                        (914) 332-8000