```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
In re:                                                 :    Chapter 7
                                                       :
CARMINE ALESSANDRO,                                    :    Case No. 08-14514 (AJG)
                                                       :
                              Debtor.                  :
-------------------------------------------------------X
DAVID R. KITTAY, Plaintiff,                            :
                                                       :
                              Plaintiff,               :    Adv. Pro. No. 09-01369 (AJG)
                      v.                               :
                                                       :
CARMINE ALESSANDRO,                                    :
                                                       :
                              Defendant.               :
-------------------------------------------------------X
```

**ORDER DENYING DEFENDANT DISCHARGE
PURSUANT TO BANKRUPTCY CODE
SECTIONS 727(a)(3), 727(a)(4)(A) and 727(a)(6)(A)**

  WHEREAS, David R. Kittay (the "Plaintiff"), Chapter 7 trustee of the estate of Carmine Alessandro (the "Defendant"), commenced an adversary proceeding dated July 21, 2009 (the "Discharge Action"), seeking to deny the Defendant his discharge on the following eight grounds: (a) the Defendant transferred, removed, destroyed, mutilated and/or concealed his interest in certain estate property with the intent to hinder, delay, or defraud a creditor or an officer of the Defendant's estate within one year before the date of filing his bankruptcy petition (Section 727(a)(2)(A)); (b) the Defendant transferred, removed, destroyed, mutilated and/or concealed his interest in certain estate property with the intent to hinder, delay, or defraud a creditor or an officer of the Defendant's estate after the date of filing his bankruptcy petition (Section 727(a)(2)(B)); (c) the Defendant concealed, destroyed, mutilated, falsified or failed to keep or preserve documentation from which the Defendant's financial condition or business transactions might be ascertained (Section 727(a)(3)); (d) the Defendant knowingly made false statements under oath (Section 727(a)(4)(A)); (e) the Defendant knowingly or fraudulently withheld recorded information relating to the Defendant's property or financial affairs from an officer of the Defendant's bankruptcy estate entitled to possess such recorded information (Section 727(a)(4)(D)); (f) the Defendant failed to explain the deficiency of his assets (Section 727(a)(5)); and (g) the Defendant refused to obey lawful orders of this Court (Section 727(a)(6)(A)); and

  WHEREAS, at the pre-motion conference with respect to the Plaintiff's request to move for summary judgment Discharge Action, held before this Court on October 28, 2009, the Court granted the Plaintiff permission to move by summary judgment to deny the Defendant his

discharge; and

WHEREAS, on November 18, 2009, this Court signed a Scheduling Order directing: (a) the Plaintiff to file his motion for summary judgment (the "Summary Judgment Motion") by November 20, 2009 at 4:00 p.m.; (b) the Defendant to file his response (the "Defendant's Response") to the Summary Judgment Motion (the "Response") by December 4, 2009 at 4:00 p.m.; and (c) the Plaintiff to file his reply (the "Reply") to the Defendant's Response by December 8, 2009 at 12:00 p.m.; and

WHEREAS, pursuant to the Scheduling Order, the Court further scheduled the hearing on the Plaintiff's Summary Judgment Motion for December 9, 2009, at 9:30 a.m.; and

WHEREAS, the Plaintiff filed his Notice of Hearing on Plaintiff's Motion for Summary Judgment (the "Notice") on November 20, 2009; and

WHEREAS, the Plaintiff filed the Affirmation of Melissa L. Steinberg in Support of the Plaintiff's Motion for Summary Judgment (the "Steinberg Affirmation") on November 20, 2009; and

WHEREAS, the Plaintiff filed his Statement Pursuant to Local Bankruptcy Rules for the Southern District of New York ("Local Bankruptcy Rule") Rule 7056-1 in Support of Motion for Summary Judgment (the "Rule 7056 Statement") on November 20, 2009; and

WHEREAS, the Plaintiff filed his Memorandum of Law in Support of Motion for Summary Judgment (the "Plaintiff's Brief") on November 20, 2009; and

WHEREAS, Melissa L. Steinberg filed her Certificate of Service dated November 20, 2009, on behalf of the Plaintiff, certifying that on November 20, 2009 she served a true and correct copy of the Notice, the Rule 7056 Statement, the Siegel Affirmation and the Plaintiff's Brief on the Debtor, the Debtor's counsel and the Office of the United States Plaintiff; and

WHEREAS, the Steinberg Affirmation, the 7056 Statement, the Plaintiff's Brief and the Reply shall collectively be referred to hereinafter as the "Movant's Pleadings"; and

WHEREAS, the Defendant did not file and serve his Debtor's Response by December 4, 2009 at 4:00 p.m.; and

WHEREAS, the Court held a hearing on the relief requested in the Movant's Pleadings on December 9, 2009; and

WHEREAS, the Court having reviewed the Movant's Pleadings and the arguments in support of the relief requested therein; and

WHEREAS, the Court has determined that the legal and factual bases set forth in the

Movant's Pleadings establish just cause for the relief granted herein;

NOW, THEREFORE, upon the Movant's Pleadings and the entire record of the case, and after due deliberation thereon, and good cause appearing therefor

**THE COURT HEREBY FINDS AND DETERMINES THAT:**[1]

A.  This Court has jurisdiction over Movant's Pleadings pursuant to 28 U.S.C. § 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (J). Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  The statutory predicates for the relief requested in the Movant's Pleadings are Title 11 of the United States Code (the "Bankruptcy Code") Sections 727(a)(3), 727(a)(4)(A), and 727(a)(6)(A), Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") Rules 4004(a), 4005 and 7056 and Local Bankruptcy Rule 7056-1.

C.  This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

### Requirements for Summary Judgment

A.  Federal Rule of Civil Procedure 56(c) is made applicable in this case as it is incorporated into Bankruptcy Rule 7056.

B.  Pursuant to Local Bankruptcy Rule 7056-1(c), papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the Rule 7056-1 statement of the moving party and, if necessary, additional paragraphs containing a separate, short, and concise statement of additional material facts as to which it is contended that there is a genuine issue to be tried. The Debtor failed to submit such a statement.

C.  The Court has reviewed the Movant's Pleadings, resolved all ambiguities and drawn reasonable inferences against the Plaintiff.

D.  The Plaintiff met his initial burden of proof and established the absence of a genuine issue of material fact.

E.  The Plaintiff having met his initial burden, the burden shifted to the Defendant to demonstrate a material issue of genuine fact relying on more than mere speculation, conclusory allegations or denials.

---

[1] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule of Federal Procedure 7052. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

iii

F.  The Defendant was unable to adduce specific facts sufficient to show that a reasonable jury could find in his favor.

G.  The Plaintiff has established that there are no genuine issues of material fact precluding a finding of summary judgment denying the Defendant his discharge.

**Denial of Discharge Pursuant to Bankruptcy Code Section 727(a)(3)**

A.  The Plaintiff established that he sought and obtained an order from the Court dated April 6, 2009 (the "2004 Order") that required the Defendant to produce the following documents (the "2004 Documents") by April 24, 2009:

- any and all documents including, but not limited to, tax returns, financial statements, workpapers, bank records (including any agreements concerning the allocation of debts and assets, statements, canceled checks and check books), general ledgers, cash receipts, cash disbursements and all other journals maintained in the ordinary course of business, detailed listings of assets, documents supporting open accounts receivable or other claims receivable, computer data files and computers, personal guaranties of corporate debt, W-2 statements, pay stubs, investment records, brokerage records, books, records, notes and memoranda concerning the Defendant and/or the Defendant's financial affairs (domestic and international);

- any and all documents concerning transfers of tangible or intangible assets to or from the Defendant with a value in excess of $5,000;

- any and all documents, including books, records, notes and memoranda concerning the compensation, financial incentives and payments with respect to the Defendant's employment;

- any and all financial projections of the Defendant, including copies of any loan request forms;

- any and all documents concerning the Defendant's investments and/or financing in connection with any investment and/or capitalization;

- any and all contracts, leases, agreements and/or deeds of the Defendant;

- any and all documents and/or records of each and every kind in the Defendant's possession concerning any tangible or intangible assets of the Defendant;

- any and all documents and/or records concerning loan transactions of the

Defendant, including related promissory notes and evidence of loan proceeds and loan repayments;

- all credit card statements for the Defendant;

- all bank account statements, including copies of canceled checks, for the Defendant;

- all investment account statements for the Defendant;

- all brokerage account statements for the Defendant;

- all documents concerning the Defendant's annuity and retirement plans and statements including, but not limited to, copies of such retirement plans and statements;

- all documents concerning any real property in which the Defendant has an interest at any time including, but not limited to, a closing statement for the purchase/transfer of the property, evidence of the purchase/capital improvements made and sale price of the property, liens encumbering the property, tax statements for the property, the value of the property, insurance on the property, improvements to the property, and documents governing the corporate structure and financing of any entity through which the Defendant holds an interest in real property;

- all documents concerning any personal property, tangible or intangible, in which the Defendant has an interest including, but not limited to, evidence of the purchase and sale price of the property, liens encumbering the property, tax statements for the property, the value of the property, insurance on the property and the location of the property;

- all documents concerning any accounts receivable owed to the Defendant at any time including, but not limited to, accounts receivable related to the Defendant's business;

- all documents concerning any interest that the Defendant had in a business, at any time through the present including, but not limited to, documents evidencing the Defendant's interest in the business, the nature and status of the business and the value of the business, bank statements and canceled checks, corporation income tax returns, financial statements, work papers, general ledgers, cash receipts, cash disbursements and all other journals maintained in the ordinary course of business, detailed listings of assets, documents supporting open accounts receivable or other claims receivable, computer data files and computers; and

- identification and contact information for any accountant employed by the Defendant, whether individually or as a corporate entity, and any documents concerning the Defendant's financial condition produced or maintained by any such accountant.

B. Despite the explicit language of the 2004 Order, the Defendant failed to produce any of the 2004 Documents to the Plaintiff by April 24, 2009.

C. The Plaintiff further established that the Plaintiff sought, and the Court granted, entry of an Order holding the Defendant in civil contempt (the "Contempt Order") that required the Defendant to produce the 2004 Documents by July 13, 2009.

D. Despite the explicit language of the Contempt Order, the Defendant failed to produce any of the 2004 Documents to the Plaintiff by July 13, 2009.

E. There is no evidence in the record that the Defendant made any attempt to obtain the 2004 Documents as embodied in the 2004 Order and the Contempt Order.

F. There is no evidence in the record that Defendant made any attempt to turn over the 2004 Documents to the Plaintiff as embodied in the 2004 Order and the Contempt Order.

G. There is no evidence in the record that the Defendant did anything to protect, preserve or maintain the records that he had or that he had given to others to use on his behalf or to protect such records from being destroyed.

H. A reasonable businessman holding approximately 41 distinct corporate and realty interests would clearly have records of the type requested by the Plaintiff or should have had records of this nature and should have maintained and preserved such records.

I. Failure to maintain or preserve the Requested Documents is sufficient cause to sustain the Plaintiff's objection to the Defendant's discharge pursuant to Bankruptcy Code Section 727(a)(3).

J. In order to have a complete and accurate understanding of the Defendant's financial condition, the Plaintiff must produce the 2004 Documents to the Plaintiff.

K. The Plaintiff has proven, by a preponderance of the evidence, that the Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information, including books, documents, records, and papers, from which the Defendant's financial condition can be ascertained.

L. Accordingly, the Defendant's discharge is denied pursuant to Bankruptcy Code Section 727(a)(3).

## Denial of Discharge Pursuant to Bankruptcy Code Section 727(a)(4)(A)

A. The Defendant filed his petition for relief under Chapter 11 of the Bankruptcy Code on November 14, 2008.

B. The Defendant filed his Schedule A, Schedule B, Schedule D, Schedule I and Statement of Financial Affairs on November 14, 2008. The Defendant did not file Schedule C, Schedule E, Schedule F, Schedule G, Schedule H or Schedule J.

C. The Defendant declared under penalty of perjury that the statements contained in his Schedules were true and correct.

D. By application dated February 20, 2009, the Office of the United States Trustee moved to have the Defendant's case converted to a case under Chapter 7 of the Bankruptcy Code.

E. By Order dated March 25, 2009, the Court converted the Defendant's case to a case under Chapter 7 of the Bankruptcy Code.

F. A false oath or statement in a Defendant's bankruptcy schedules satisfies the required element that the Defendant made a statement under oath and that such statement was false.

G. The Defendant filed his Schedule A knowing that he failed to list at least 24 corporate and realty interests, or recklessly disregarding the truth and accuracy of his Schedules.

H. The Defendant has exhibited a reckless indifference to the truth; all the mistakes he has made inure in his favor and to the detriment of his creditors.

I. A statement or omission is material if it relates to the Defendant's financial condition.

J. The Defendant's omissions from his Schedules were material, because they prevented the Plaintiff from discovering the full nature and extent of the Defendant's assets and liabilities.

K. These knowing, fraudulent and material omissions from the Defendant's Schedules are false oaths sufficient to deny the Defendant his discharge.

L. Although the provisions of the Bankruptcy Code are construed liberally in favor of the Defendant, a discharge is a privilege accorded only to the honest but unfortunate Defendant. Moreover, notwithstanding the policy in favor of discharges, a Defendant maintains the obligation to provide full and accurate disclosure of his assets so that Plaintiffs and others who have an interest in the administration of a Defendant's estate can perform their jobs.

M. The Plaintiff has proven, by a preponderance of the evidence, that: (a) the Defendant made numerous statements under oath (those sworn to in his Schedules); (b) the Defendant omitted dozens of corporate and realty interests from his Schedules; (c) the Defendant's omissions demonstrate that the Defendant either knew the falsity of his declarations concerning his property interests, or at the very least, that the Defendant exhibited reckless indifference to the truth and accuracy of the statements he made concerning his property interests in his Schedules; (d) therefore, the Defendant made false statements in his Schedules; (e) the Defendant made the statements or omissions with fraudulent intent; and (f) the statements and omissions related materially to the Defendant's case as they bore a relationship to the Defendant's financial affairs and the discovery of assets.

N. The Defendant has failed to provide any credible explanation or evidence rebutting the Plaintiff's prima facie case.

O. This Defendant is not an honest but unfortunate Defendant, who made honest mistakes when he omitted information from his Schedules; rather, this Defendant made material misrepresentations on his Schedules.

P. The Defendant has failed to rebut the Plaintiff's evidence.

Q. For the foregoing reasons, the Plaintiff has proven by a preponderance of the evidence that the Defendant knowingly made material false statements under oath. Accordingly, the Defendant is denied his discharge pursuant to Bankruptcy Code Section 727(a)(4)(A).

### Denial of Discharge Pursuant to Bankruptcy Code Section 727(a)(6)(A)

A. The Plaintiff has proven, by a preponderance of the evidence, that: (a) the Plaintiff served both the 2004 Order and the Contempt Order on both the Defendant and the Defendant's counsel, (b) the Defendant has received mail sent to him by the Plaintiff; and (c) the Defendant has unjustifiably refused to comply with the 2004 Order and the Contempt Order.

B. The Defendant has failed to provide any credible explanation or evidence rebutting the Plaintiff's prima facie case.

C. The Defendant has failed to rebut the Plaintiff's evidence.

D. For the foregoing reasons, the Plaintiff has proven by a preponderance of the evidence that the Defendant has refused, in or in connection with the Defendant's bankruptcy case, to obey lawful orders of this Court. Accordingly, the Defendant is denied his discharge pursuant to Bankruptcy Code Section 727(a)(6)(A).

**NOW, THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED**

**THAT:**

1. There are no genuine issues of material fact in dispute.

2. The relief requested in the Movant's Pleadings is granted and the Defendant's discharge is denied pursuant to Bankruptcy Code Sections 727(a)(3), 727(a)(4)(A) and 727(a)(6)(A).

Dated: New York, New York
December 9, 2009

**s/Arthur J. Gonzalez**
United States Bankruptcy Judge